ROBERT S. ANDERSON
Special Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine St.
Missoula, MT 59802
Phone: (406) 829-3322
FAX: (406) 542-1476

REBEKAH J. FRENCH
Assistant U.S. Attorney

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA



FILED

2010 MAY 4 AM 9 22

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | MJ-10-19 -GF-RKS |
|---|---|
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| PROVIDENT ENERGY ASSOCIATES OF MONTANA, LLC, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure,

SAUSA  DEF  DEF.ATTY.  4-5-10 DATE

the United States of America, by Robert S. Anderson, Special Assistant United States Attorney for the District of Montana, and Rebekah J. French, Assistant U.S. Attorney, and the defendant, PROVIDENT ENERGY ASSOCIATES OF MONTANA, LLC (hereinafter "PROVIDENT" or "the defendant"), a Montana limited liability company, submit the following plea agreement. When in this plea agreement reference is made to any act of the defendant, such reference shall be deemed to mean any act of the officers, directors, employees and agents of the defendant while acting within the course and scope of their employment or agency at the time of the events described in the Information.

1. The defendant acknowledges that it has been, or will be, charged by Information in this case with a Class B Misdemeanor violation of Title 16, United States Code, Sections 703, 707(a) (Migratory Bird Treaty Act).

2. The defendant's representative and counsel have read the charges against the defendant and they fully understand the nature and elements of the crime with which the defendant has been charged.

_RsA_ _P_    _fw_    4-5-10
SAUSA  DEF  DEF.ATTY.  DATE

3. The defendant will enter a voluntary plea of guilty to the Information in this case.

4. *Nature of the Agreement:* The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by Rule 11(c)(1)(A) and (B) of the *Federal Rules of Criminal Procedure.* The defendant understands that if the agreement is accepted by the Court, it will not have an automatic right to withdraw its plea. Rule 11(d)(2)(A), *Federal Rules of Criminal Procedure.*

5. *Effect of Withdrawal from the Agreement:* The parties stipulate and agree that if the defendant moves to withdraw its guilty plea, entered pursuant to and receiving the benefits of this agreement, and if it successfully withdraws its plea either in the district court or on appeal, that this agreement will become null and void. Moreover, if the defendant at any time after judgment is entered obtains dismissal, reversal or remand of the count of conviction for any reason, the United States will be permitted, by agreement of the parties, to restore all original charges either dismissed or not filed pursuant to this plea agreement. The defendant, in that circumstance, expressly waives any

SAUSA  DEF  DEF.ATTY.  DATE 4-5-10

claim of double jeopardy or right to have this agreement enforced. In such event, the defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act, or any other potential restriction on the re-institution of counts dismissed, or institution of counts surrendered, as part of the consideration given by the prosecution in this agreement.

6. *Admission of Guilt:* The defendant will plead guilty to the Information because it is guilty of the charge contained in the Information. In pleading guilty, the defendant acknowledges that on or before September 9, 2008, the defendant, acting through its agents and employees at that time, allowed a quantity of liquid contaminated with petroleum to flow from a leak in a tank at Battery 29 on its Two Medicine Sand Creek Unit on the Blackfeet Reservation in Pondera County, Montana, resulting in the deaths of approximately 18 migratory birds that came into contact with the liquid, in violation of the Migratory Bird Treaty Act, 16 U.S.C. §§ 703, 707(a). The defendant specifically admits to the factual allegations set forth in the Information.

RzA /s/  /s/  4-5-10
SAUSA  DEF  DEF.ATTY.  DATE

7. *Maximum Punishment Provided by Law:* The defendant understands the charge to which it will plead guilty is a Class B Misdemeanor, carrying a maximum penalty for an organizational defendant of a fine of not more than $15,000 (per 16 U.S.C. § 707(a)), or twice the gross gain or loss resulting from the unlawful conduct pursuant to 18 U.S.C. § 3571(d); five years probation (per 18 U.S.C. § 3561(c)(2)); and a special assessment of $50 (per 18 U.S.C. § 3013(a)(1)(B)(ii)). In addition, the Court could impose additional conditions of probation to include the payment of restitution pursuant to 18 U.S.C. § 3563(b), and a conviction could result in additional administrative sanctions such as suspension, debarment, listing to restrict rights and opportunities of the defendant to contract with or receive benefits, loans, or assistance from agencies of the United States.

8. *Elements of the Charge:* The defendant has been advised of the nature of the charge made against it and the elements of the crime to which it is entering a guilty plea. The defendant understands that if the case were to go to trial the government would be required to prove each and every element of the crime. The defendant further

_____  _____  _____  4-5-10
SAUSA      DEF        DEF.ATTY.  DATE

acknowledges that these are the elements of the crime charged in the Information:

(a) On or about the date(s) alleged in the Information, and within the state and district of Montana, the defendant, acting through its agents and employees at that time, did take (meaning, in this case, "kill," pursuant to Title 50, Code of Federal Regulations, Section 10.12) a "migratory bird," as that term is defined in Title 50, Code of Federal Regulations, Section 10.12, and as listed in Title 50, Code of Federal Regulations, Section 10.13.

(b) The taking was unlawful, in that neither the defendant nor any of its employees or agents at that time obtained a permit or other valid authorization to take (kill) the migratory bird listed in the charge.

(c) The defendant understands that by entering a guilty plea, the government will not be required to present proof of its guilt and the elements recited herein because there will be no trial if the Court accepts its plea of guilty and the plea agreement of the parties.

9. *Recitation of Rights:*

(a) The government has the right to use any statement

SAUSA   DEF   DEF.ATTY.   DATE   4-5-10

made by any representative of the defendant during the entry of plea in this case against the defendant in a subsequent prosecution.

(b) If the defendant persisted in a plea of not guilty to the charges against it, it would have the right to a public and speedy trial. Inasmuch as the Information charges a Class B misdemeanor, the trial would be by a judge sitting without a jury.

(c) The defendant has the right to be represented by counsel at trial and every other stage of these proceedings.

(d) If a bench trial is held, the judge would find the facts and determine, after hearing all the evidence, whether or not s/he was persuaded of the defendant's guilt beyond a reasonable doubt.

(e) At the bench trial, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and its attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence in its own behalf. If the witnesses for the defendant would not appear voluntarily, it could require their attendance through the subpoena power of the court.

_____  _____  _____  4-5-10
SAUSA/DEF  DEF.ATTY.  DATE

(f)     If convicted, and within 10 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal its conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle it to reversal of the conviction.

10.  *Waiver of Rights by Plea:*

(a)     The defendant understands that by pleading guilty pursuant to this agreement it is waiving all the rights set forth in the prior paragraph. The defendant's attorney and corporate representative understand those rights and the consequences of its waiver of those rights.

(b)     The defendant acknowledges that 18 U.S.C. § 3742 affords it the right to appeal the sentence imposed in this case.

11.  *Corporate Authorization:* The defendant will provide to the Court and the United States written evidence in the form of a notarized legal document certifying the defendant is authorized to plead guilty to the misdemeanor charge set forth in the Information, and to enter into and comply with all provisions of this plea agreement. The notarized document shall further certify that a designated Officer or Director of

SAUSA  /DEF  DEF.ATTY.  DATE  4-5-10

the defendant is authorized to take these actions and that all corporate formalities applicable in such instance, including, but not limited to, approval by the defendant's directors, have been observed. The defendant agrees that the designated officer or director of Provident Energy Associates of Montana, LLC, shall appear on behalf of the defendant to enter the guilty plea in the District of Montana and shall also appear for imposition of the sentence.

12. *Recommendations:* The parties acknowledge that, inasmuch as the crime alleged in Count One of the Information is a Class B misdemeanor, the advisory Sentencing Guidelines do not apply to this case. (U.S.S.G. § 1B1.9). The parties understand that sentencing in this case will be determined by the Court in accordance with 18 U.S.C. § 3553. The parties understand the Court may impose any sentence up to the statutory maximum, regardless of any guideline range computed, and the Court is not bound by any position or recommendation of the parties. The Court is free to make its own findings of facts and consider such sentencing factors which accord with Title 18, U.S.C. § 3553, including the parties' stipulations, the presentence investigation report, and any other relevant information.

SAUSA / DEF    DEF. ATTY.    DATE 4-5-10

13. The parties acknowledge that the sentencing of the defendant in this matter is entirely within the discretion of the Court. Understanding this, the parties intend to make the following, non-binding, joint sentencing recommendation for the Court's consideration at sentencing:

(a) The parties will jointly recommend that a fine of $15,000 should be imposed in this case, directed to the North American Wetlands Conservation Fund for wetlands conservation work in Montana.[1]

(b) The parties will jointly recommend that the defendant be sentenced to a term of 18 months probation with the following specific conditions imposed in addition to the standard conditions;

(i) The defendant will perform community service by making a $5,000 payment to the National Fish and Wildlife Foundation, a private, non-profit, § 501(c)(3) tax-exempt organization, established by Congress in 1984 and dedicated to the conservation of fish, wildlife and plants and the habitat on which they depend. The

---

[1] The North American Wetlands Conservation Act authorizes the use of fines from the Migratory Bird Treaty Act to be deposited into the North American Wetlands Conservation Fund (16 U.S.C. § 4406(b)): "The sums received under section 707 of this title (MBTA) as penalties or fines, or from forfeitures of property are authorized to be appropriated to the Department of the Interior for purposes of allocation under section 4407 of this title (NAWCA Allocations Section)."

defendant will not claim this payment as a tax deduction or characterize it in any manner or forum as a donation or contribution.

        (ii)    Within 90 days of sentencing the defendant will submit an Environmental Compliance Plan ("ECP") to the U.S. Fish and Wildlife Service and Blackfeet Tribe for review, editing (in cooperation with the defendant), and approval, which shall not be unreasonably withheld. The ECP shall be designed to both prevent events like those giving rise to the charge in this case and ensure timely and effective remediation of such events. Within 90 days following finalization of the ECP, the defendant shall provide the Probation Office proof that the ECP has been implemented.

    (c)    Both parties acknowledge that the Court is not bound by the recommendations of either party and may sentence the defendant to a sentence anywhere within statutory maximums provided for the offense of conviction.

14.    *Non-Prosecution or Dismissal:*  In exchange for the defendant's plea to Count One of the Information, the United States Attorney's Office for the District of Montana agrees to not prosecute the defendant for any other federal crimes relating to the subject matter of the charge in this case of which it is aware on the day this plea

                                                                     SAUSA    DEF    DEF.ATTY.    DATE 4-5-10

agreement is entered. The defendant understands that this promise binds only the United States Attorney's Office for the District of Montana, and that this plea agreement cannot and does not bind other federal, state, or local prosecuting authorities.

15. *Voluntary Plea:* The defendant 's attorney acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement to induce the defendant to plead guilty.

16. *Special Assessment/ Financial Obligations:* The defendant recognizes that it will be responsible for a mandatory assessment of $50 on Count One, pursuant to 18 U.S.C. § 3013(a)(1)(B)(ii) of the Comprehensive Criminal Control Act. The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. Furthermore, the defendant agrees to provide all of its financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only

_____  _____  _____  4-5-10
SAUSA       DEF         DEF.ATTY.   DATE

method, nor a limitation on the methods available to the United States to enforce the judgment.

17. *Entire Agreement:* Any statements or representations made by the United States, the defendant, or its counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

MICHAEL W. COTTER,
United States Attorney

*/s/ Robert S. Anderson*
ROBERT S. ANDERSON,
Special Assistant United States Attorney
District of Montana;
Senior Trial Attorney
Environmental Crimes Section
Environment and Natural Resources Div.
U.S. Department of Justice

*/s/ Rebekah French*
REBEKAH J. FRENCH
Assistant U.S. Attorney

SAUSA / DEF / DEF.ATTY. / DATE 4-5-10

I am the President of Provident Energy Associates of Montana, LLC. I have read this plea agreement and every part of it has been carefully reviewed with responsible management and officers of Provident and its criminal defense counsel, Phillip Wylie. I understand the terms of this plea agreement and Provident Energy Associates of Montana, LLC voluntarily agrees to those terms. Provident Energy Associates of Montana, LLC's attorney has advised me of Provident's rights, possible defenses, and of the consequences of entering into this plea agreement. No promises or inducements have been made to Provident or to me other than those contained in this plea agreement. No one has threatened or forced Provident Energy Associates of Montana, LLC, in any way to enter into this plea agreement. Finally, Provident Energy Associates of Montana, LLC, is satisfied with the representation of its counsel in this matter.

Date: April 5, 2010         BY: _____
                                 Pierre Mulacek, President

I am Provident Energy Associates of Montana, LLC's attorney. I have carefully discussed every part of this plea agreement with the authorized representatives of Provident Energy Associates of Montana, LLC, including its president, Pierre Mulacek. Further, I have fully advised Mr. Mulacek of the company's rights, of possible defenses, and of the consequences of entering into this plea agreement. I believe the decision of Provident Energy Associates of Montana, LLC, to enter into this plea agreement is an informed and voluntary one.

Date: April 5, 2010         BY: _____
                                 Phillip A. Wylie, Esq.
                                 Snell, Wylie and Tibbals. P.C.
                                 8150 North Central Expressway
                                 Suite 1800
                                 Dallas, Texas 75206
                                 Counsel for Provident Energy
                                 Associates of Montana, LLC

SAUSA  DEF  DEF.ATTY.  DATE  4-5-10